■ In the Matter of WALTER D. TEAGUE, Petitioner, against ALLEN J. GOODRICH et al., Constituting the State Tax Commission, Respondents.— This is a proceeding under article 78 of the Civil Practice Act, transferred to this court by order, to review a determination of the State Tax Commission concerning petitioner's personal income taxes for the years, 1944, 1945 and 1946. Petitioner is a resident of the State of New Jersey and maintains very extensive offices and a laboratory in New York. Concededly his income must be allocated to sources within and without this State. The only issue is the method adopted by the commission in allocating petitioner's income. Petitioner is an " industrial designer," a term defined in detail in the findings of the commission and in *Matter of Teague* v. *Graves* (261 App. Div. 652, affd. 287 N. Y. 549). Briefly, the process of petitioner's occupation consists of consultation with manufacturers concerning the functional improvement and public acceptability of the manufacturer's product, followed by research and laboratory operations by employees to effectuate the improvements suggested. Petitioner visited many States for initial consultations, and, among other things, urges that the site of the initial consultation should be used to determine the source of income. In general, petitioner contends that the proportion of his " fixed fees " attributable to New York State, to his total " fixed fees " should be the ratio of his liability for income taxes to New York State. Petitioner used different methods in billing clients, and his total net income exceeds his total " fixed fees " very substantially. Under article 16 of the Tax Law and article 457 of the Personal Income Tax Regulations (N. Y. Off. Comp. of Codes, Rules & Regulations, p. 1407), the commission has adopted the " three factor " method, described in detail in article 457 of the regulations, in determining the proportion of petitioner's income attributable to New York State sources. Petitioner and the commission had not agreed for the years in question on a different method of allocation which provided a fair and equitable basis for apportioning income from sources within and without the State. The commission has determined, upon adequate evidence in the record, that petitioner's books were not kept in a manner which separated income earned out of the State from income earned in the State. In these circumstances the only recourse of the commission was to adopt the three factor method. (See *Matter of Thompson*

v. *Mealey*, 290 N. Y. 230.) Upon this record the petitioner has not established that the method adopted was unfair or that the determination was arbitrary. Determination confirmed, and petition dismissed, without costs. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.